**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of ___Delaware___
                          (State)

Case number (*If known*): _____ Chapter __7__

☐ Check if this is an
   amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    06/22

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.**

1. **Debtor's name**

   Cooks Venture Poultry Jay, Inc.

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number (EIN)**

   8 3 – 3 3 0 7 2 9 1

4. **Debtor's address**

   | Principal place of business | Mailing address, if different from principal place of business |
   |---|---|
   | 352    N  Main Street | |
   | Number    Street | Number    Street |
   | | P.O. Box |
   | Decatur        AR    72722 | |
   | City        State    ZIP Code | City        State    ZIP Code |
   | | **Location of principal assets, if different from principal place of business** |
   | Benton | |
   | County | Number    Street |
   | | |
   | | City        State    ZIP Code |

5. **Debtor's website** (URL)

   cooksventure.com

Debtor     Cooks Venture Poultry Jay, Inc.            Case number *(if known)*_____
Name

**6. Type of debtor**

  ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
  ☐ Partnership (excluding  LLP)
  ☐ Other. Specify: _____

**7. Describe debtor's business**

A. *Check one:*

  ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
  ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
  ☐ Railroad (as defined in 11 U.S.C. § 101(44))
  ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
  ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
  ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
  ☒ None of the above

B. *Check all that apply:*

  ☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
  ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
  ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
http://www.uscourts.gov/four-digit-national-association-naics-codes .
   1  1  2  3

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

  ☒ Chapter 7
  ☐ Chapter 9
  ☐ Chapter 11. *Check all that apply*:

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

  ☐ Chapter 12

Debtor    Cooks Venture Poultry Jay, Inc.
_____
Name

Case number (if known) _____

---

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes. District _____ When _____ Case number _____
MM / DD / YYYY

District _____ When _____ Case number _____
MM / DD / YYYY

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes. Debtor ___See Schedule 1___ Relationship ___Affiliate___

District ___Delaware___ When ___4/19/24___
MM / DD / YYYY

Case number, if known _____

---

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number          Street

_____

_____
City                                    State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

| | **Statistical and administrative information** |
|---|---|

---

| Debtor | Cooks Venture Poultry Jay, Inc. | Case number (if known) | |
|---|---|---|---|
| | Name | | |

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☒ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated assets**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☒ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☒ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   04/19/2024
                        MM / DD / YYYY

✘   /s/ Blake Evans                                    Blake Evans
_____          _____
Signature of authorized representative of debtor          Printed name

Title   Secretary
_____

| Debtor | Cooks Venture Poultry Jay, Inc. | Case number *(if known)* |
|---|---|---|
| | Name | |

**18. Signature of attorney**

✗ ___/s/ Derek C. Abbott_____    Date ___04/19/2024___
Signature of attorney for debtor                            MM  / DD  / YYYY

Derek C. Abbott
_____
Printed name
Morris, Nichols, Arsht & Tunnell LLP
_____
Firm name
1201          North Market Street
_____
Number        Street

Wilmington                          DE          1899-1347
_____
City                                State        ZIP Code

(302) 658-9200                      dabbott@morrisnichols.com
_____
Contact phone                       Email address

3376                                DE
_____
Bar number                          State

# SCHEDULE 1

### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "<u>Debtors</u>") filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware.

1. Cooks Venture, Inc.
2. Cooks Venture Poultry, Inc.
3. Cooks Venture Poultry Jay, Inc.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| Cooks Venture Poultry Jay, Inc., | Case No. 24-_____ (___) |
| Debtor. | |

**CORPORATE OWNERSHIP STATEMENT PURSUANT TO**
**FED. R. BANKR. P. 1007(a)(1) AND 7007.1**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, Cooks Venture Poultry Jay, Inc., to the best of its knowledge, information, and belief, hereby states that Cooks Venture, Inc., owns fifteen percent (15%) of Cooks Venture Poultry Jay, Inc., and Matthew Wadiak owns eighty-five percent (85%) of Cooks Venture Poultry Jay, Inc.

Cooks Venture, Inc. maintains a proxy agreement with Matthew Wadiak for control over his eighty-five percent (85%) ownership stake. Cooks Venture, Inc., is the parent company of Cooks Venture Poultry Jay, Inc.

## UNANIMOUS WRITTEN CONSENT OF THE BOARD OF DIRECTORS OF
## COOKS VENTURE POULTRY JAY, INC.

---

April <u>19</u>, 2024

---

The undersigned, being all the directors of the board (the "<u>Board</u>") of Cooks Venture Poultry Jay, Inc., a Delaware corporation (the "<u>Company</u>"), hereby consent and agree, in accordance with sections 141(f) and 228 of the General Corporation Law of the State of Delaware, to the adoption of the following resolutions:

**WHEREAS**, the Board has reviewed and considered, among other things, the financial condition of the Company on the date hereof; and

**WHEREAS**, the Board has received, reviewed, and considered the recommendations of the management of the Company and the Company's legal and other advisors as to the relative risks and benefits of pursuing a bankruptcy proceeding under the provisions of title 11 of the United States Code (the "<u>Bankruptcy Code</u>");

**NOW, THEREFORE, BE IT RESOLVED**, that in the judgment of the Board, it is desirable and in the best interests of the Company, the creditors of the Company, and other interested parties that a voluntary petition and applicable schedules and statements (the "<u>Petition</u>") be filed by the Company under the provisions of chapter 7 of the Bankruptcy Code; and it is further

**RESOLVED**, that the Company, by and through Blake Evans (the "<u>Designated Representative</u>"), is hereby authorized, directed, and empowered (i) to execute and verify the Petition and all documents ancillary thereto, and to cause the Petition to be filed with the United States Bankruptcy Court for the District of Delaware, such Petition to be filed at such time as the Designated Representative executing the Petition shall determine and to be in the form approved by the Designated Representative executing such Petition, with the execution thereof by the Designated Representative being conclusive evidence of the approval thereof by the Designated Representative; (ii) to make or cause to be made prior to the execution thereof any modifications to the Petition or such ancillary documents that, in the judgment of such Designated Representative, may be necessary, appropriate, or desirable, and (iii) to review the complete list of creditors of the company (the "<u>Creditor Matrix</u>") and to cause the Creditor Matrix to be filed with the United States Bankruptcy Court for the District of Delaware and to execute and file a declaration in support of such Creditor Matrix, which shall be filed at such time as the Designated Representative shall determine and to be in the form approved by the Designated Representative executing such Creditor Matrix, with the execution thereof by the Designated Representative being conclusive evidence of the approval thereof by the Designated Representative; and it is further

**RESOLVED**, that the Designated Representative had the authority to retain the law firm of Morris, Nichols, Arsht & Tunnell LLP to represent the Company as general bankruptcy counsel and to represent and assist the Company in preparing and filing the Petition and related forms, schedules, lists, statements and other papers or documents; and it is further

**RESOLVED**, that subject to and contingent upon the filing of a Petition, pursuant to Article III Section 2 of the Bylaws of the Company, each officer of the Company will be, and hereby is, effective immediately following the filing, if any, of a Petition by the Corporation, terminated and removed as an officer of the company; and it is further

**RESOLVED**, that the position and duties of the Designated Representative shall terminate effective immediately upon the filing of the Petition and the Creditor Matrix, and the Designated Representative shall have no further duties or obligations in connection therewith; and it is further

**RESOLVED**, that the Designated Representative is hereby authorized, directed, and empowered from time to time, until the termination of such Designated Representative as set forth herein, to take such actions and execute and deliver such documents as may be required or as the Designated Representative may determine to be necessary, appropriate, or desirable to carry out the intent and purpose of the foregoing resolutions or to obtain the relief sought thereby, including without limitation the execution and delivery of any petitions, schedules, lists, applications, declarations, affidavits, and other papers or documents, with all such actions to be taken in such manner, and all such petitions, schedules, lists, motions, applications, declarations, affidavits, and other papers or documents to be executed and delivered in such form as the Designated Representative taking or executing the same shall approve, the taking or execution thereof by such Designated Representative being conclusive evidence of the approval thereof by the Designated Representative; and it is further

**RESOLVED**, that the Company is authorized, directed and empowered to advance, as prepayment of expenses, two-thousand five-hundred dollars ($2,500.00) to the Designated Representative for travel and incidental expenses incurred in attending the meeting of creditors under section 341 of the Bankruptcy Code; and it is further

**RESOLVED**, that all of the acts and transactions relating to matters contemplated by the foregoing resolutions, which acts and transactions would have been authorized and approved by the foregoing resolutions except that such acts and transactions were taken prior to the adoption of such resolutions, be, and they hereby are, in all respects confirmed, approved, and ratified.

IN WITNESS WHEREOF, the undersigned directors of the Company have executed this unanimous written consent as of April 19, 2024.

/s/ Daniel Phillips

_____
Daniel Phillips

/s/ Matt Feldman

_____
Matt Feldman

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court

_____ District Of _Delaware_____

**In re**

    Cooks Venture Poultry Jay, Inc.

Case No. _____

**Debtor**

Chapter _____7_____

### DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1.   Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

For legal services, I have agreed to accept . . . . . . . . . . . . . . . . . . . . . . . . . . . . $_____$545,000*_____

Prior to the filing of this statement I have received . . . . . . . . . . . . . . . . . . . . . $_____$472,000**_____

Balance Due . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $_____

2.   The source of the compensation paid to me was:      Insurance Company and Certain Creditors

    ☐ Debtor          ☒ Other (specify)

3.   The source of compensation to be paid to me is:      Certain Creditors

    ☐ Debtor          ☒ Other (specify)

4.   ☒ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐ I have agreed to share the above-disclosed compensation with a other person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5.   In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a.   Analysis of the debtor' s financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

    b.   Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;

    c.   Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

*This includes monies held in advance for payment of services to be rendered.
**Plus additional fees and expenses incurred in preparation of petitions, schedules and statements, and other transition matters.

B2030 (Form 2030) (12/15)

d.   ~~Representation of the debtor in adversary proceedings and other contested bankruptcy matters;~~

e.   [Other provisions as needed]


Certain transition services.




6.   By agreement with the debtor(s), the above-disclosed fee does not include the following services:












<div style="border: 1px solid black;">

CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

| 4/19/24 | /s/ Derek C. Abbott |
| --- | --- |
| *Date* | *Signature of Attorney* |
| | Morris, Nichols, Arsht & Tunnell |
| | *Name of law firm* |

</div>